IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PAMELA MOSES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-2715 |
| ) | |
| SHELBY COUNTY SHERIFF BILL ) | |
| OLDHAM & OFFICERS, SHELBY ) | |
| COUNTY HOMELAND SECURITY, and ) | |
| ALLIEDBARTON SECURITY SERVICES ) | |
| LLS, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On September 2, 2014, Plaintiff Pamela Moses ("Plaintiff") filed her Complaint against Defendants Shelby County Sheriff Bill Oldham & Officers, Shelby County Homeland Security, and AlliedBarton Security Services, LLC, (collectively, "Defendants") in Shelby County, Tennessee, Chancery Court. Case ID CH-14-1316. On September 15, 2014, Plaintiff removed the case to this Court. (ECF No. 1.)

Before the Court are the Magistrate Judge's September 23, 2014 Report and Recommendation (the "Report") recommending that the Court remand this case sua sponte, and Plaintiff's October 9, 2014 Objections to the Report. (Report, ECF No. 7; Objections, ECF No. 8.) For the following reasons, the Report

is ADOPTED and the case is REMANDED to Shelby County, Tennessee, Chancery Court.

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). "A district judge must determine de novo any part of a magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review — under a de novo or any other standard — those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151.

The Magistrate Judge finds that Plaintiff's removal of this case was improper because that right is reserved only for defendants. (Report at 2.) Plaintiff objects to that finding. (Objection at 3.) Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the

United States have original jurisdiction, may be removed <u>by the defendant or the defendants</u>, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441 (emphasis added). Removal is available only to defendants, and "[t]he term 'defendant' in removal statutes is narrowly construed." <u>In re Mortgage Elec. Registration Sys., Inc.</u>, 680 F.3d 849 (6th Cir. 2012); <u>First Nat. Bank of Pulaski v. Curry</u>, 301 F.3d 456, 462-63 (6th Cir. 2002). Pamela Moses filed the complaint in this action. She seeks equitable and monetary relief against Defendants. Pamela Moses is the plaintiff in this case. Her removal to this Court was improper.

For the foregoing reasons, the Magistrate Judge's Report is ADOPTED and the case is REMANDED to Shelby County, Tennessee, Chancery Court.

So ordered this <u>2nd</u> day of March, 2015.

<u>/s Samuel H. Mays, Jr.</u>  
SAMUEL H. MAYS, JR.  
UNITED STATES DISTRICT JUDGE